## T-B GASOLINE CO. v. BORING.

No. 13328—Opinion Filed April 22, 1924 .

**1. Master and Servant—Workmen's Compensation Act—Settlement of Claim—Rules.**

Under the provisions of Comp. Stat. 1921, sec. 7302, and Rule 10 of the Industrial Commission adopted pursuant thereto, there is no inhibition against an injured employe making settlement with his employer, nor is it necessary that such settlement be approved by the commission where the amount agreed upon exceeds the rate of compensation fixed by the Workmen's Compensation Act for that class of injury.

**2. Appeal and Error—Verdict—Sufficiency of Evidence.**

Where there is competent and material evidence shown in the record reasonably supporting the verdict, a judgment based thereon will not be disturbed where no errors of law prejudicial to the rights of appellant are pointed out, and none are apparent on the face of the record.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by John Boring against T-B Gasoline Company, a corporation, to recover the sum of $576.71 upon a written contract. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was commenced August 3, 1920, by John Boring filing in the district court of Nowata county, Okla., his petition, wherein he alleged, substantially, that on or about April 16, 1918, said plaintiff and the defendant, T-B Gasoline Company, entered into a certain written contract by the terms of which said gasoline company agreed to pay plaintiff the sum of $250 in cash and the sum of $3 per day from said April 16, 1918, until plaintiff should become able to perform ordinary manual labor; that said contract was entered into between the parties by reason of the fact that on January 9, 1918, while in the employ of the defendant, this plaintiff was injured and crippled to such an extent that he was unable to perform ordinary manual labor until October 1, 1918; that under the terms of said contract defendant had paid to plaintiff the sum of

$135 and had failed, neglected, and refused to pay the balance due thereunder; that there was a balance of $576.71 due to the plaintiff by defendant, and he prayed judgment for this amount.

Defendant answered by general denial and by a special denial of the execution of the contract sued on, and further specially pleaded that said contract, if the same had been executed by defendant, would not be legal and binding without approval by the State Industrial Commission, and that the same had not been so approved; it further alleged that plaintiff had violated the terms of said contract by filing a claim with the said Industrial Commission against Phillips & Milam and the Maryland Casualty Company for compensation for such injury, and prayed that plaintiff take nothing by reason of his action.

Reply was filed to this answer and upon the issues thus presented the case was tried October 17, 1921, resulting in a verdict and judgment in favor of the plaintiff for the amount sued for. After unsuccessful motion for new trial, the defendant has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

A. B. Campbell, for plaintiff in error.

J. Wood Glass and Floyd Calvert, for defendant in error.

Opinion by LOGSDON, C. For reversal of this judgment defendant relies upon four propositions in its brief, which are stated as follows:

"(1) That the court erred in not admitting the certified copy of the proceedings before the Industrial Commission in the matter of the claim of John Boring.

"(2) The defendant in error failed to perform the contract sought to be enforced.

"(3) The defendant in error failed to prove that the contract was executed by the plaintiff in error.

"(4) That the contract sought to be enforced by the defendant in error was not enforceable until approved by the Industrial Commission of the state of Oklahoma."

If it shall be determined that the fourth proposition is not tenable such determination will also dispose of the first proposition, so the fourth proposition will be first considered.

The statute relied upon to sustain the fourth proposition is section 7302, Comp. Stat. 1921 (S. L. 1915, ch. 246, art. 2, sec. 18), which reads as follows:

"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe. If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute the deficiency, if any, between the amount of the recovery against such other person actually collected and the compensation provided or estimated by this act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this act shall be made only with the written approval of the person or insurance carrier liable to pay the same."

Pursuant to the authority therein given the Industrial Commission adopted Rule 10 to cover cases arising under the above quoted section. Rule 10 of the Industrial Commission reads as follows:

"If a workman entitled to compensation be injured by negligence of another not in the same employ as set out in section 18, art. 2, ch. 246, of the Session Laws of 1915, the employe shall elect whether to take compensation under the Workmen's Compensation Act or pursue his remedy at common law against such other in the following manner: If he elects to take compensation he shall so notify the commission and shall make assignment of his cause of action against such other person to the insurance carrier, and if he elects to pursue his remedy against such other person causing injury, he shall in writing notify the commission and the insurance carrier. In the event he fails to make such notification the commission will make no award against the insurance carrier for a deficiency if he recovers and collects less than what his compensation would have been under the Workmen's Compensation Act."

It will thus be seen that there is no inhibition against the injured employe making settlement by contract or otherwise with his employer for the injury sustained, but if he makes such settlement without notifying the commission thereof he precludes himself from thereafter asking the commission to make an award in his behalf against the insurance carrier for any deficiency between such settlement and the amount of compensation to which he would have been entitled under the Workmen's Compensation Act. The record of the award made by the commission, which was excluded

by the court, shows that the contract sued on was for nearly double the amount of the commission's award. It therefore follows that the plaintiff was not prohibited either by the statute or by the rule of the commission from entering into the contract sued on in this action and its validity did not in any wise depend upon its approval by the commission.

By the terms of the contract entered into between plaintiff and defendant it was provided as one of the considerations for the execution of said contract by defendant that plaintiff should assign to the defendant his claim for compensation against Phillips & Milam, the contractors in charge of the work in which plaintiff was injured. It is disclosed by the testimony of the plaintiff, and without contradiction, that the claim for compensation filed by him with the Industrial Commission against Phillips & Milam was filed at the request of the defendant after the same had been assigned to it and that all the papers connected with the filing of such claim were prepared by the attorneys for defendant. Under such circumstances it is very evident that the filing and prosecution of such claim for compensation was had for the use and benefit of the defendant, and at its special instance and request, and that the exclusion of such proceedings as evidence in this case was not error.

Defendant's second proposition is based wholly upon the fact that the claim for compensation against Phillips & Milam was filed with the Industrial Commission by the plaintiff. In view of the disclosures in the record as to how this claim came to be filed such action on the part of the plaintiff at the request and for the use and benefit of the defendant did not constitute a breach of the contract between the parties by the plaintiff.

As to defendant's contention under the third proposition, it is disclosed by the record that the contract was prepared in the office of Mr. Chase, one of the attorneys for the defendant company; that Mr. Bohner and Mr. Bendit, directors of the company, and Mr. Ford, foreman of the plant, were present when it was dictated and transcribed; that the original was retained by the company and the carbon copy delivered to the plaintiff. Plaintiff testifies to the execution of the original by the company, and none of these officers or agents of the company who were present were called to contradict this statement. There was, therefore, ample testimony in the record authorizing the jury to find that the contract was in fact executed by the defendant.

No exception is preserved in the record to any of the instructions given by the court, and an examination of such instructions shows that the law of the case was fairly and correctly stated in the court's instructions. Exceptions were reserved to the refusal of the court to give certain requested instructions asked by the defendant, but an examination of such requested instructions does not disclose any prejudicial error in their refusal. Those that were applicable to the facts and which contained correct statements of the law were fully covered by the instructions given by the court.

Upon the whole case it is apparent that only questions of fact were involved and that the determination of those facts by the jury is reasonably supported by the evidence contained in the record. It is, therefore, concluded that the judgment of the trial court herein should be in all things affirmed.

By the Court: It is so ordered.